ZELINCKAS *v.* FORD MOTOR CO.

1. Workmen's Compensation—Finding of Department as to Plaintiff's Condition as of Previous Adjudication—Dictum.

   Finding of department of labor and industry on petition for further compensation that plaintiff was in fact totally disabled at time of previous award when finding of partial disability had been made *held,* dictum.

2. Same—Adjudication Controls Over Claims of Parties.

   The adjudication of the department controls in an issue between what plaintiff claims in his petition for compensation and the finding of the department.

3. Same—Finding of Department—Change of Physical Condition.

   A finding of partial disability at a previous hearing cannot stop a future finding of total disability, since a man's physical condition is subject to change.

4. Same—Partial Disability—Total Disability—Findings of Department—Change for Worse—Earning Capacity.

   After finding of department of labor and industry at one hearing that plaintiff was but partially disabled, the subsequent finding on later petition for further compensation that he was entitled to compensation for total disability constituted an adjudication that his condition had changed for the worse and that his earning capacity had been lessened.

5. Same—Finding of Department—Further Compensation—Total Disability.

   Finding of department of labor and industry on petition for further compensation that plaintiff was totally disabled because of accidental injury *held,* supported by testimony of doctor that plaintiff was suffering from chronic sacroiliac arthritis and could only do odd-lot or nondescript work while sitting down.

6. Same—Remand for Determination of Amount of Compensation.

   Upon affirmance of award of compensation for total disability where record contains a stipulation that, since award preceding that appealed from, plaintiff had returned to work for

several days, case is remanded to department for determination of the length of time he was working and the amount of compensation to which he was entitled.

Appeal from Department of Labor and Industry. Submitted June 7, 1940. (Docket No. 61, Calendar No. 41,050.) Decided September 6, 1940.

Anthony Zelinckas (Zline) presented his claim against Ford Motor Company for compensation for accidental injury sustained in defendant's employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Affirmed and remanded.

*I. W. Ruskin,* for plaintiff.

*Doelle, Starkey & Jones,* for defendant.

SHARPE, J. Plaintiff, while in defendant's employ, sustained an accidental injury arising out of and in the course of his employment on April 6, 1934. An agreement for payment of compensation for total disability was entered into and approved by the department. Compensation was paid under the provisions of this agreement until April 24, 1934, when an agreement suspending compensation was entered into and approved by the department. In September, 1935, plaintiff filed a petition for further compensation and was awarded compensation at the rate of $10 per week from July 18, 1935. Compensation was paid under this award until April 8, 1936, when plaintiff returned to work and compensation was stopped. October 27, 1936, plaintiff filed another petition for further compensation which resulted in an award of $10 per week from September 19, 1936.

October 13, 1937, plaintiff filed a petition for further compensation. This petition was denied on

October 10, 1938, and an award entered for $10 per week compensation from September 16, 1937, for partial disability.

January 6, 1939, plaintiff filed another petition seeking to increase his compensation. The department granted plaintiff compensation at the rate of $18 per week and made the following finding:

"It is very apparent to us that there has been no change in plaintiff's condition since the award of October 10, 1938, which amended the award of December 3, 1937, granting $10 per week compensation. * * *

"We are of the opinion that this department has the power to make the determination of the fact to be that plaintiff, at the time of the award of $10 per week partial disability, was in fact totally disabled and is still totally disabled and that he is, therefore, entitled to compensation at the rate of $18 per week until the further order of the department."

Defendant appeals and contends that the department of labor and industry may not increase compensation payments upon an express finding of no change in the physical condition of the injured employee since a prior hearing. It is urged by plaintiff that he is totally disabled and that he comes within the class of "odd-lot" and "nondescript" workers who have no earning capacity unless given suitable and favored work by some employer, and who, in the absence of such light and favored work, are entitled to compensation for total disability. Plaintiff relies upon the following authorities to sustain his contention: *Hood* v. *Wyandotte Oil & Fat Co.*, 272 Mich. 190; *MacDonald* v. *Great Lakes Steel Corp.*, 274 Mich. 701; *Smith* v. *Pontiac Motor Car Co.*, 277 Mich. 652; *Markey* v. *SS. Peter & Paul's Parish*, 281 Mich. 292; *DeTroyer* v. *Ernst Kern Co.*, 282 Mich 689.

The finding by the department that plaintiff is "still totally disabled" is supported by the testimony of Dr. Gaberman, a witness produced by plaintiff, who testified as follows:

"He presented himself with a complaint of pain in the lower back, especially on bending, lifting or walking for any distance, and numbness in the left leg from the hip down.

"Physical examination showed a man about 185 pounds, 48 years old. His teeth and throat were negative, tonsils had been removed. Heart and lungs were negative. We noted that the patient walked with a decided limp and that he favored his left side. Also, that he wore a large steel brace for the—embracing the thoracic and lumbar spine.

"Abdomen reveals a scar from a previous appendectomy. His pelvis was tilted, the right side being higher than the left. There was definite evidence of atrophy of the gluteal muscles on the left side.

"Marked tenderness was elicited over both sacroiliac joints. We found the patient unable to bend forward because of the stiffness and pain in the back and on lying down on the table flat the left knee is flexed at an angle and an attempt to straighten this knee out produces pain in the back. Straight leg raising is associated with marked discomfort in the back and flexion of the thighs upon the trunk is likewise impossible to carry out because of severe pain so produced in the back. Patient guards his back in all movements. The lumbar curve is flattened.

"My diagnosis was an old long standing chronic sacroiliac arthritis.

"*Q.* Doctor, in your opinion what kind of work, if any, is this man able to do?

"*A.* I think his ability to work in the condition I saw him is quite limited. The man has what or had at the time I saw him at least what we would interpret as an acute exacerbation on the basis of

an old chronic sacroiliac arthritis and lumbosacral
disease which has a tendency of flaring up back and
forth. At least at the time I saw him I didn't think
he would be able to do any kind of work.

"*Q.* If furnished with an opportunity to do sitting down work would he be able to do that?

"*A.* Yes, I think he could do sitting down work, a
question of getting to and from work would be the
only difficulty attended there.

"*Q.* In your opinion, doctor, is he able to do any
other kind of work except what is known as nondescript and odd-lot work? * * *

"*A.* Yes, I think that's about the only thing that
this type of a case should be given."

The department also found that plaintiff had been
totally disabled at the time of the prior hearing
when he had been granted compensation for partial
disability. In our opinion, this so-called finding by
the department is dictum.

When plaintiff was granted an award of $10 per
week for partial disability (October 10, 1938), it
was an adjudication that plaintiff was only partially
disabled. The adjudication of the department controls in an issue between what plaintiff claims in his
petition for compensation and the finding of the
department. See *Casey* v. *Escanaba & Lake Superior
Railroad Co.,* 290 Mich. 601. Citation of authority
is unnecessary to establish the principle that a finding of partial disability at a previous hearing cannot
stop a future finding of total disability, since a man's
physical condition is subject to change.

The finding of the department in October, 1938,
that plaintiff was only entitled to partial disability
and the finding by the department on December 13,
1939, that plaintiff was entitled to compensation for
total disability from January 21, 1939, is an adjudication that plaintiff's condition has changed for

the worse; and that his earning capacity has been lessened. Our problem in the instant case is to determine whether there is evidence to support the award of total disability. We find such support in the record.

The award is affirmed, but in view of the fact that on June 30, 1939, a stipulation was entered into that, "plaintiff has returned to suitable work and has been working for several days," the cause is referred to the department of labor and industry to determine the time during which plaintiff returned to suitable work, together with the amount of compensation, if any, that plaintiff may be entitled to. Plaintiff may recover costs.

BUSHNELL, C. J., and CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.