SCHINDERLE *v.* FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—RES JUDICATA—PARTIAL DISABILITY.
   An award by the department of labor and industry for partial disability is *res judicata* as of the time it was made and may not be impeached by subsequent holding of the department that when compensation therefor was awarded the employee was in fact totally disabled.

2. SAME—AWARD FOR PARTIAL DISABILITY—SUBSEQUENT TOTAL DISABILITY.
   Since the employee, employer, and the department of labor and industry are bound by the department's finding and award for partial disability as of the time it was made, the department's

subsequent finding of total disability entitled the employee to an award for same less payments made for partial disability since the department is without power to review or impeach its previous award.

Appeal from Department of Labor and Industry. Submitted June 14, 1940. (Docket No. 75, Calendar No. 41,017.) Decided September 6, 1940.

Frank Schinderle presented his claim against Ford Motor Company for injuries suffered in defendant's employ. On petition for further compensation. Award denied. Reversed, and award to plaintiff.

*Ray Derham*, for plaintiff.

*O. W. Johnson* and *Doelle, Starkey & Jones*, for defendant.

Wiest, J. Plaintiff, an employee of defendant, was injured in December, 1934, and awarded compensation in July, 1935, for partial disability. In November, 1938, he petitioned for an award for total disability, and was adjudged totally disabled but denied additional compensation on the ground that he was in fact totally disabled when adjudged partially disabled in 1935, and, therefore, has not suffered further disability.

The award for partial disability in 1935 is *res judicata* as of that time and the finding of the department that he is now totally disabled established increased disability, commanding an award for such lessened ability, and the department was without power to review and impeach its former award by a holding that, when he was awarded compensation for partial disability, he was in fact totally disabled. See *Wicko* v. *Ford Motor Co.*, 292 Mich. 335.

Plaintiff, defendant, and the department are bound by the finding and award for partial disability only in 1934, and the finding of total disability in 1938 entitled plaintiff to an award for such.

The holding is reversed and the case remanded for entry of an award for total disability from the date of the hearing in November, 1938, with credit to defendant for payments, if any, since made under the partial disability order.

BUSHNELL, C. J., and SHARPE, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.