MURRAY *v.* FORD MOTOR CO.

1. Workmen's Compensation—Stopping Compensation.
    An award stopping compensation constitutes an adjudication that the employee had fully recovered from injury.
2. Same—Full Recovery from Injury—Partial Disability—Change in Physical Condition.
    After it has been adjudicated that an employee has fully recovered from an injury and compensation was stopped, a finding on subsequent petition for further compensation that he was then suffering partial disability as a result of the former

injury constitutes an adjudication of such a change of physical condition as is contemplated by the workmen's compensation act to entitle the employee to an additional award.

3. SAME—FURTHER COMPENSATION—MAKESHIFT WORK—WAGE-EARNING CAPACITY.

On petition for further compensation, evidence supported finding of department of labor and industry that work assigned to plaintiff after reemployment and stoppage of compensation was of a favored or makeshift nature and did not establish wage-earning capacity.

4. SAME—DISCREPANCY BETWEEN LANGUAGE OF OPINION AND AWARD OF DEPARTMENT—PARTIAL DISABILITY—MAKESHIFT WORK.

An employee who was awarded compensation for partial disability on his petition for further compensation would be entitled to compensation awarded where department of labor and industry stated in its opinion that he was entitled to compensation for total disability, there being no error in such apparent discrepancy where there was no difference in fact in the amount to which plaintiff was entitled under either the opinion or the award (2 Comp. Laws 1929, §§ 8425, 8426).

5. SAME—FAILURE OF DEPARTMENT TO MAKE A FINDING.

If the department of labor and industry fails to make a finding upon a material issue, the Supreme Court may examine the testimony taken to determine whether there is any competent evidence to support the award.

6. SAME—FINDING AS TO PHYSICAL CONDITION—RES JUDICATA.

In proceedings to recover workmen's compensation, an unappealed finding as to physical condition, while conclusive on the parties up to the date of award made thereon, is not *res judicata* with regard to subsequent proceedings on further application.

7. SAME—STOPPAGE OF COMPENSATION—FURTHER COMPENSATION—FINDING OF CHANGE IN PHYSICAL CONDITION.

The stoppage of compensation by the department of labor and industry after plaintiff's reemployment constituted an adjudication that he had recovered, as of that time, from his injuries, and, on subsequent petition for further compensation, a finding of disability supported by evidence is, in itself, a finding of change in physical condition.

8. SAME—INCREASED PARTIAL DISABILITY—RES JUDICATA.

A previous award for partial disability does not prevent a plaintiff from subsequently proving that his partial disability has increased and does not prevent an award increasing compensation for the increased disability.

9. SAME—STOPPING COMPENSATION—RES JUDICATA.

 An award stopping compensation, in effect, adjudicates that the employee was not at that time disabled, is *res judicata* as to all essentials leading up to that award and, where it was not appealed, department of labor and industry was thereafter without authority to grant compensation for a period prior to such adjudication.

10. SAME—SCOPE OF REVIEW—RES JUDICATA.

 While review by the Supreme Court on appeal from the department of labor and industry may be limited to such matters as record affirmatively shows were presented to department, where defendant's application for review presented claim that plaintiff's claim was *res judicata* because of an award made in 1934, such claim is interpreted as presenting for review that subsequent award for compensation for a period prior to such award was erroneous although it may be subject to interpretation that it was *res judicata* as to any claim by plaintiff for any further award.

11. SAME—MODIFICATION OF AWARD—COSTS.

 No costs are allowed either party where award by department was erroneous and is modified in part on appeal.

Appeal from Department of Labor and Industry. Submitted October 15, 1940. (Docket No. 115, Calendar No. 41,149.) Decided February 7, 1941.

Francis Murray presented his claim for compensation against Ford Motor Company for injuries sustained while in its employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Modified and affirmed.

*Clarence E. Moore,* for plaintiff.

*Doelle, Starkey & Jones,* for defendant.

McALLISTER, J. On April 4, 1929, plaintiff, while working for the Ford Motor Company as a machine repairer, suffered an accident arising out of and in the course of his employment. On May 13, 1929, the company specified the following as the nature

of the injury, in its report to the department of labor and industry:

"Nature and cause of injury—Severe contusion dorsal surface metacarpal region right hand. Fracture styloid process of ulna. Employee was putting pattern on machine and the air valve was stiff and did not close properly and he caught his hand between patterns and machine."

Plaintiff lost no time as a result of this accident, but continued in the employ of defendant on lighter work until September, 1932, when he was laid off. Thereafter, he was again hired by defendant and worked until December, 1932. Plaintiff filed petition for compensation which was denied December 20, 1932; on July 20, 1933, he again filed a petition for compensation; and on September 28, 1933, was awarded $3 per week from September 15, 1932, to continue until further order.

On January 8, 1934, plaintiff returned to work for defendant as a helper for a steam fitter at a wage of $4 per day. At the time of his return to work he refused to sign an agreement suspending compensation. Defendant thereupon filed a petition to stop compensation which was heard before a deputy commissioner, who on June 13, 1934, entered an order stopping compensation. Plaintiff thereafter continued to work for the defendant until September 15, 1937, when he was laid off in a reduction of personnel. Prior to his injury, plaintiff had earned $45.60 per week. During the period from 1934 to 1937 plaintiff's pay increased from $4 per day to $7.20 per day. During this period he was given treatment from time to time by the medical department of the defendant company. After his dismissal in 1937, plaintiff attempted to secure employment elsewhere but failed, because, according to his testimony, he was unfit to work.

On March 22, 1939, plaintiff filed a petition for further compensation which was heard before a deputy commissioner, and on October 17, 1939, an award was made to plaintiff granting him compensation for partial disability from January 8, 1934, to November 10, 1938, the end of the 500-week period. Defendant caused the award of the deputy commissioner to be reviewed by the department, which modified the order allowing the compensation for partial disability and computed such compensation on the basis of two-thirds of the difference between the actual wages received by plaintiff during the period subsequent to January, 1934, and his average weekly wages at the time of his injury. For that part of the period in which the department found plaintiff had no opportunity for employment, it awarded compensation, for partial disability, of $18 per week. The department found:

"The plaintiff is entitled to receive and recover compensation from the defendant at the rate of $14.40 per week from January 8, 1934, to June 13, 1934, and at the rate of $9.44 a week from June 13, 1934, to March 30, 1935, and at the rate of $8.80 a week from March 30, 1935, to May 22, 1935, and at the rate of $6.40 a week from May 22, 1935, to October 10, 1936, and at the rate of $4.80 a week from October 10, 1936, to June 1, 1937, and at the rate of $3.20 a week from June 1, 1937, to June 28, 1937, and at the rate of $1.60 a week from June 28, 1937, to September 15, 1937, and at the rate of $18 a week from September 15, 1937, to November 10, 1938, the end of the 500-week compensable period."

Defendant contends that the order of June 15, 1934, determining plaintiff was not entitled to compensation is *res judicata;* that there was no finding by the department of any change in plaintiff's physical condition subsequent to the award of September

28, 1933, under which plaintiff was granted compensation at the rate of $3 per week; that the department acted beyond its authority in allowing compensation between January 8, 1934, and June 15, 1934, in view of the conclusiveness of the award stopping compensation on the latter date; and that the allowance of compensation was unsupported by the evidence.

By the award of June, 1934, stopping compensation, there was an adjudication that plaintiff had fully recovered from his injury; otherwise the deputy commissioner had no right to stop compensation. At the time plaintiff filed his last petition on March 22, 1939, he claimed that he was suffering partial disability as a result of the former accident and, being unable to work, asked further compensation. Testimony was taken on the hearing of his petition, and the department found that he was disabled and granted compensation. "This is an adjudication of such a change of physical condition as is contemplated by the statute." *Hayward* v. *Kalamazoo Stove Co.*, 290 Mich. 610, 613. And, as Mr. Justice NORTH remarked in his concurring opinion on rehearing of the above case (page 646), "on such a record clearly plaintiff's earning capacity was less when his present petition was before the department than * * * when (by approval of a settlement receipt) the department adjudicated he had fully recovered. Under such circumstances plaintiff was entitled to an award of compensation."

Plaintiff claimed that his employment since January, 1934, had been "favored employment." There is evidence to support the finding of the department to this effect. Plaintiff had previously been a machine repair man, doing heavy mechanical work. After the above date, he had been employed as a pipe fitter's helper, as an inspector, and as a cleaner

and painter of cylinder heads. There was evidence during this period that plaintiff's hand became swollen whenever he used it in his work and that because of the injury, the hand was of little use in his employment. Plaintiff's foreman, a witness for defendant, testified that plaintiff's injured hand "wasn't very good" and that he tried to find a job that plaintiff could do; that when the foreman received orders to lay some men off, "it was easier to replace him on that job and the other jobs require a man with two good hands more than what he was doing." He further testified:

"*Q.* So in laying him off you were able to get a man with two good hands to do that work and do probably more than what he did too?

"*A.* On that job the men had to switch around one job to another, weren't just on one job all the time. Some handled heavy crank shafts that a man with a crippled hand couldn't do."

While plaintiff was kept in the employ of defendant for a long period, he earned less than his previous wages, and there is evidence to support the finding of the department that the work assigned to him by defendant was of a favored or makeshift nature, and did not establish wage-earning capacity. *Smith* v. *Pontiac Motor Car Co.,* 277 Mich. 652.

In its opinion the department stated that, because plaintiff had been able to earn only such wages as could be obtained by favored employment, he was entitled to compensation for total disability, except to the extent that he had earned wages at favored employment, or had the opportunity of such wages. There is no finding in the opinion that plaintiff is totally disabled. The award of the department was for partial disability. Weekly compensation for total disability and partial disability, as far as this

case is concerned, is the same. 2 Comp. Laws 1929, §§ 8425, 8426 (Stat. Ann. §§ 17.159, 17.160).

While the opinion stated that plaintiff was "entitled to compensation for total disability" and the award decreed compensation for partial disability, the fact remains that there would not be, nor was there, any difference in the amount of the compensation as set forth in the opinion and the award; and we find no error in this apparent discrepancy. "It is well settled that if the department fails to make a finding upon a material issue, we may examine the testimony taken at the hearing to determine whether there is any competent evidence to support the award." *Goines* v. *Kelsey Hayes Wheel Co.*, 294 Mich. 156, 159. In this case, we find the award to be supported by evidence.

Nor was it necessary for plaintiff to show a change for the worse in his physical condition between the date of his present award and the award of September 28, 1933. In compensation cases an unappealed finding of physical condition, while conclusive on the parties up to the date of such award, is not *res judicata* with regard to subsequent proceedings on a further application. *Klum* v. *Lutes-Sinclair Co.*, 236 Mich. 100; and, as above remarked, considering the award of June, 1934, stopping compensation, as a finding that plaintiff had recovered, as of that time, from his injuries, a subsequent finding of disability supported by the evidence is, in itself, a finding of change in physical condition. Furthermore, the previous award for partial disability does not prevent plaintiff from proving, upon a subsequent showing, that his partial disability has increased, and does not prevent an award increasing compensation for such increased disability.

In the present award, the department granted compensation for the period between January 8,

1934, and June 15, 1934. However, on the latter date, an award was entered stopping compensation, and was, in effect, an adjudication that at that time plaintiff was not disabled. The award was *res judicata* as to all the essentials leading up to that award. *Klum* v. *Lutes-Sinclair Co., supra.* In view of the fact that there was no appeal taken, the department, on the present hearing, was without authority to grant compensation for a period prior to such adjudication, which was conclusive as to everything that went before such an award. It is maintained, however, that review in this court is limited to questions raised and presented before the department and that we will consider such points only as the record affirmatively shows were presented to the department for decision. *Aske* v. *W. E. Wood Co.,* 248 Mich. 327. Defendant, in its application for review of plaintiff's claim before the department, presented, as one of the grounds for such review, that plaintiff's claim was *res judicata* because of the award of June 15, 1934. The statement of this ground for review might be interpreted to mean that the claim of defendant was that the award of June was conclusive upon plaintiff's right to any further award; or it might be considered that it was defendant's claim that the award of June, 1934, prevented the deputy commissioner from making any allowance for compensation in the present case for a period prior to that time. While the question raised could have been more definitely stated, we are of the opinion that the record affirmatively shows that it was presented for decision. Plaintiff, under the award of June, 1934, was not entitled to recover compensation in the present proceeding for any period prior to that time.

That part of the award of compensation by the department for the period prior to June 15, 1934,

was erroneous and should be vacated; the balance of the award should be sustained. The award is remanded to the department for modification in accordance with this opinion. No costs to either party.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, and BUTZEL, JJ., concurred. WIEST, J., concurred in the result.