LEDWARD v. PUBLIC WELFARE BOARD OF FLINT.

1. WORKMEN'S COMPENSATION—CARPENTER—TOTAL DISABILITY—FINDING OF DEPARTMENT—EVIDENCE.

In proceeding by carpenter to obtain workmen's compensation on petition for further compensation, testimony *held*, sufficient to sustain finding of total disability since immediately following the signing of the last agreement for partial disability.

2. SAME—APPROVAL OF AGREEMENT TO PAY COMPENSATION FOR PARTIAL DISABILITY.

The approval by the department of labor and industry of an agreement to pay workmen's compensation for partial disability constituted an adjudication that plaintiff was then only partially disabled (2 Comp. Laws 1929, § 8444).

3. SAME—PARTIAL DISABILITY—CHANGE OF PHYSICAL CONDITION—TOTAL DISABILITY.

An award of workmen's compensation for total disability is not precluded by preceding agreements for payment for partial disability since a claimant's physical condition is subject to change and the subsequent award constitutes an adjudication that such condition has changed for the worse and claimant's earning capacity lessened since the last previous adjudication.

4. SAME—TWO AWARDS FOR SAME DISABILITY—REHEARING—SUBSEQUENT AWARD FOR TOTAL DISABILITY—CREDIT FOR PARTIAL DISABILITY AWARD PAYMENTS.

The rule that two awards cannot be made for the same disability is recognized by later award of total disability where credit thereupon is allowed for payments made for partial disability and such a subsequent award does not constitute a rehearing as the previous award remains unaffected.

5. SAME—RES JUDICATA—CHANGE OF CONDITION—CHANGE OF AWARD.

Although an unappealed award to an injured employee by a deputy commissioner is *res judicata* as to all the essentials leading up to that award, yet, upon a showing by either party

of a change in the physical condition, the department may reopen the case and change the award as the facts warrant, not exceeding the limit fixed by statute (2 Comp. Laws 1929, § 8453).

6. SAME—INCREASED PARTIAL DISABILITY—RES JUDICATA.
   A previous award for partial disability does not prevent a plaintiff from subsequently proving that his partial disability has increased and does not prevent an award increasing compensation for the increased disability.

7. SAME—FURTHER COMPENSATION—DELAY IN FILING CLAIM.
   While delay in filing claim for further compensation may affect the good faith and integrity of the claim therefor and may be considered by the department in connection with the other evidence, the statute does not even suggest that compensation may not be payable for period preceding date of filing such claim.

8. SAME—DEPARTMENT OF LABOR AND INDUSTRY—JURISDICTION.
   Once the department takes jurisdiction of an injury, it is retained until the end of the compensable period to award such compensation as the statute allows and the facts warrant.

9. SAME—DISABILITY—QUESTIONS OF FACT—RETROACTIVE AWARD.
   Upon application of plaintiff for further compensation for total disability while receiving payments under a previous award for partial disability, both the extent and commencement of his increased disability are questions of fact and not of jurisdiction; hence the department is empowered to make a retroactive award so long as the beginning of the period covered by it is subsequent to any former adjudication.
   CHANDLER and WIEST, JJ., dissenting in part.

Appeal from Department of Labor and Industry. Submitted April 10, 1941. (Docket No. 47, Calendar No. 41,505.) Decided June 30, 1941. Rehearing denied September 2, 1941.

Claim of F. A. Ledward against Public Welfare Board of Flint, Genesee County Emergency Relief Commission, and United States Fidelity & Guaranty Company, insurer, for workmen's compensation. Petition for further compensation. Award to plaintiff. Defendants appeal. Affirmed.

*Sessions & Warner,* for plaintiff.

*Allaben & Wiarda,* for defendants.

BUSHNELL, J.   Plaintiff Ledward, a carpenter,
was employed by defendants public welfare board of
Flint and Genesee county emergency relief com-
mission at an average weekly wage of $32.   While
working on a C. W. A. project at the Warner school
he stepped off a scaffold, fell to the floor, struck a
pile of lumber and fractured his hip.   The accident
occurred on May 24, 1934, at which time plaintiff
was 64 years of age.

An agreement for the payment of compensation
for total disability at the rate of $18 per week was
approved by the department of labor and industry
on July 17, 1934.   On December 31, 1935, the depart-
ment approved a supplemental agreement reducing
this compensation to $9 per week from December
6, 1935.   On June 1, 1936, the department approved
a further reduction to $4.50 per week from May 1,
1936.   Plaintiff has continued to receive payments
of $4.50 per week for partial disability since that
date.

On May 6, 1940, Ledward filed a petition to review
weekly payments and for further compensation.
See 2 Comp. Laws 1929, § 8453 (Stat. Ann. § 17.188).
Testimony was taken before a deputy commissioner,
who entered an award on July 14, 1940, for compen-
sation in the sum of $18 per week for total disability
from June 15, 1936.   This award was reviewed by
the department on the appeal of defendants and was
affirmed by it on November 1, 1940, but with the
modification that credit be given defendants for the
payments made subsequent to the last-approved
agreement of June 1, 1936.

Defendants claim on appeal that the record fails

to disclose any competent evidence to sustain the finding of the department that claimant "is totally disabled at the present time and has been totally disabled since immediately following the signing of the last agreement for partial compensation." This contention must be denied. A review of the record discloses sufficient testimony to sustain the finding of total disability.

Defendants further claim that the department erred in granting a retroactive award of total disability from June 15, 1936. Defendants also insist that the approval by the department of the agreement on June 1, 1936, is *res judicata* as to plaintiff being partially disabled, and, further, that plaintiff is guilty of laches in accepting payments of partial compensation for about four years prior to filing his present petition.

When plaintiff's agreement to accept $4.50 per week was approved on June 1, 1936, that constituted an adjudication that plaintiff was then only partially disabled. 2 Comp. Laws 1929, § 8444 (Stat. Ann. § 17.178); *Estate of Beckwith* v. *Spooner,* 183 Mich. 323 (Ann. Cas. 1916 E, 886). The award of the deputy, dated July 14, 1940, as sustained by the department, to the effect that plaintiff was totally disabled on June 15, 1936, is not precluded by the supplemental agreements which preceded it, since Ledward's physical condition was subject to change. The finding that he was totally disabled cannot relate to his condition at the time of the approval of these agreements, but it is an adjudication that plaintiff's physical condition has changed for the worse and his earning capacity has been lessened since the last previous adjudication. The department recognized the rule that there cannot be two awards for the same disability by ordering credit

for payments made. It did not thereby grant a rehearing of its former adjudications of partial disability because these remained unaffected.

In *Wicko* v. *Ford Motor Co.*, 292 Mich. 335, 341, the court quoted from the syllabus of *Klum* v. *Lutes-Sinclair Co.*, 236 Mich. 100, as follows:

" 'Although an award to an injured employee by a deputy commissioner of the department of labor and industry under the workmen's compensation act, unappealed from, is *res judicata* as to all the essentials leading up to that award, yet, under 2 Comp. Laws 1915, § 5467 (see 2 Comp. Laws 1929, § 8453 [Stat. Ann. § 17.188]), upon a showing by either party of a change in the physical condition of the employee, the department may reopen the case and increase or decrease the award as it finds the facts to warrant, not exceeding the limit fixed by the statute.' "

See discussion of the applicability of *res judicata* to workmen's compensation cases in *Hayward* v. *Kalamazoo Stove Co.*, 290 Mich. 610.

In *Murray* v. *Ford Motor Co.*, 296 Mich. 348, 355, the court said:

"Nor was it necessary for plaintiff to show a change for the worse in his physical condition between the date of his present award and the award of September 28, 1933. In compensation cases an unappealed finding of physical condition, while conclusive on the parties up to the date of such award, is not *res judicata* with regard to subsequent proceedings on a further application. *Klum* v. *Lutes-Sinclair Co.*, 236 Mich. 100; and, as above remarked, considering the award of June, 1934, stopping compensation, as a finding that plaintiff had recovered, as of that time, from his injuries, a subsequent finding of disability supported by the evidence is, in itself, a finding of change in physical condition.

Furthermore, the previous award for partial disability does not prevent plaintiff from proving, upon a subsequent showing, that his partial disability has increased, and does not prevent an award increasing compensation for such increased disability.''

In *Giampa* v. *Chrysler Corporation,* 272 Mich. 327, 329, the court said:

"Defendant contends that compensation, if allowed, should commence on the filing of the petition for further compensation because of plaintiff's laches. The statute suggests no such defense. Delay may go to the good faith and integrity of the claim and properly may be considered by the department in connection with other evidence. See *Louwaert* v. *D. Graff & Sons,* 256 Mich. 387. But once the department takes jurisdiction of an injury it retains it to the end of the compensable period, to award such compensation as the statute allows and the facts warrant. *Jelusich* v. *Wisconsin Land & Lumber Co.,* 267 Mich. 313; *Rowe* v. *Consumers Power Co.,* 268 Mich. 162. Both extent and commencement of plaintiff's disability were questions of fact, not of jurisdiction.''

Retroactive awards were also upheld in *Catino* v. *Morgan & Wright Co.,* 272 Mich. 154, and *Zelinckas* v. *Ford Motor Co.,* 294 Mich. 494.

It was within the power of the department to fix the period of plaintiff's total disability so long as the beginning of that period was subsequent to its former adjudication, viz., the approval of the last settlement agreement. *Gulec* v. *Chrysler Corporation,* 292 Mich. 711.

The award of the department of labor and industry is affirmed, with costs to appellee.

SHARPE, C. J., and BOYLES, NORTH, and BUTZEL, JJ., concurred with BUSHNELL, J.

WIEST, J. (*for modification.*)  I am of the opinion that the award cannot go back of the time it was applied for.  *Schinderle* v. *Ford Motor Co.,* 294 Mich. 449.

CHANDLER, J., concurred with WIEST, J.  MCALLISTER, J., took no part in this decision.