ELSON *v.* WISCONSIN PUBLIC SERVICE CORP.

MASTER AND SERVANT—UNAUTHORIZED INCREASE OF AWARD OF COM-
PENSATION.

Increased award made by deputy commissioner without request
therefor having been made by any authorized party after
hearing upon petition to review payment of lump sum settle-
ment of weekly award for partial disability previously ap-
proved by department of labor and industry and not appealed
from *held,* without jurisdiction of deputy (2 Comp. Laws 1929,
§§ 8438, 8453).

Appeal from Department of Labor and Industry.
Submitted April 24, 1934. (Docket No. 68, Calendar
No. 37,490.) Decided July 2, 1934.

Joseph Elson presented his claim against Wiscon-
sin Public Service Corporation and Menominee &
Marinette Light & Traction Company, employers,
and Fidelity & Casualty Company of New York, in-
surer, for an accidental injury sustained while in
defendants' employ. On petition to review payment
of lump sum settlement. Increased award to plain-
tiff. Defendants appeal. Reversed.

*John J. O'Hara,* for plaintiff.

*Derham & Derham,* for defendants.

POTTER, J. Plaintiff, employed by defendants Wis-
consin Public Service Corporation and Menominee &
Marinette Light & Traction Company, as a lineman,
was injured June 26, 1931, by falling from a pole.
He was awarded and paid compensation for total
disability for seven weeks at $18 a week. He then

went back to work for the same wages received before his injury. Plaintiff later filed a petition for further compensation. August 22, 1932, his application was heard, plaintiff was found to be permanently partially disabled and awarded compensation at $1.83 a week for 493 weeks from August 24, 1931; that is for the full 500 weeks provided by statute less the seven weeks during which he had been awarded and paid compensation for total disability. No appeal was taken from this award, and no request, petition or application to review weekly payments has been made by anyone authorized to do so by 2 Comp. Laws 1929, § 8453.

An agreement between plaintiff and defendants for a lump sum settlement was made, subject to the approval of the department of labor and industry, and September 16, 1932, an order was made by the department of labor and industry in accordance with 2 Comp. Laws 1929, § 8438, authorizing it. This lump sum was paid and a receipt therefor filed. The lump sum settlement had been approved by the department of labor and industry. If it was paid that ended the matter. If it was not paid suit could have been instituted on the award. The department set the case for hearing. The only thing before it for determination was whether the amount of the lump sum settlement previously authorized had been paid. Testimony was taken November 18, 1932, and the case again set for hearing February 19, 1933. At the latter hearing the following occurred:

"*The Commissioner:* This man didn't file a petition. The matter is on for hearing at this time to approve the final settlement receipt.

"*Q.* You filed petition the 29th day of February, 1932, didn't you?

"*A.* Yes.

"*Q.* In which you alleged at that time that you were unable to work?

"*The Commissioner:* That has all been adjudicated and taken care of."

The deputy commissioner subsequently made an award of $6.75 a week to plaintiff. Neither the employer, the insurance company, the commissioner of insurance, or the plaintiff requested a review of weekly payments. In the absence of such a request by any authorized party the department was without jurisdiction to grant such review. 2 Comp. Laws 1929, § 8453.

Stress seems to be placed upon Rule No. 29 (department of labor and industry). The rule provides that "in approving said settlement receipt the department determines no facts."

The department had made an award upon plaintiff's petition of $1.83 a week. This was an adjudication. This award was not appealed from. It was subsequently commuted to a lump sum settlement and paid. Hearing before the commissioner was had on the approval of the settlement receipt given upon payment of the lump sum awarded which had been previously authorized by the department. The only question before the department was whether the amount of such lump sum award had been paid. Notwithstanding this the deputy commissioner proceeded upon this hearing without an application upon the part of plaintiff to increase the award made. This he was without authority to do.

We are constrained to reverse the holding of the department. It is so ordered.

NELSON SHARPE, C. J., and NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred. BUSHNELL, J., did not sit.