KIVINIEMI v. QUINCY MINING CO.

1. Workmen's Compensation—Period for Which Compensation Is Payable.
    Period for which workmen's compensation may be payable begins to run from the date of the injury and in no case shall it be greater than 500 weeks from the date of the injury (2 Comp. Laws 1929, §§ 8425, 8426).

2. Same—Award of Deputy Commissioner.
    The award by the deputy commissioner fixes the rights of parties to a proceeding to recover workmen's compensation unless, upon review, the department of labor and industry reaches a different conclusion.

3. SAME—PARTIAL DISABILITY—FURTHER COMPENSATION—STOPPING COMPENSATION.

At any time subsequent to an award for partial disability an injured employee has the right to petition for further compensation and the same could be granted upon a proper showing that his condition had changed to such an extent as to entitle him to such additional compensation; the employer having a corresponding right during the same period to show employee's disability had ceased and that he was entitled to no compensation.

4. SAME—AWARD BY DEPARTMENT IS ADJUDICATION.

Award of compensation by department of labor and industry determines liability of employer and extent of relief afforded employee, and is, in effect, an adjudication.

5. SAME—MODIFICATION OF AWARD—PARTIES.

An award of compensation by the department of labor and industry may not be modified except by request of an authorized party.

6. SAME—EMPLOYEE NOT ENTITLED TO TWO AWARDS FOR SAME COMPENSATION.

An injured employee is not entitled to two awards by the department of labor and industry for the same compensation.

7. SAME—PARTIAL DISABILITY—MAXIMUM PERIOD OF POWER TO REVIEW PAYMENTS.

An award of compensation for partial disability which was complied with for balance of 500-weeks' period thereafter during which it was payable by both plaintiff and defendant was an adjudication not subject to modification on petition for additional compensation, filed after expiration of 500-weeks' period and showing thereunder of total disability for a portion of such period prior to its expiration as the power to review payments ceased upon plaintiff's receipt of the maximum number of weekly payments mentioned in the statute whether for partial or total disability (2 Comp. Laws 1929, §§ 8425, 8426).

Appeal from Department of Labor and Industry. Submitted October 4, 1938. (Docket No. 16, Calendar No. 40,054.) Decided December 21, 1938. Rehearing denied February 1, 1939.

William Kiviniemi presented his claim against Quincy Mining Company for compensation for in-

juries sustained in defendant's employ. On petition for further compensation. Award to plaintiff. Defendant appeals. Reversed.

*John B. Bennett* (*Ivan D. Wright*, of counsel), for plaintiff.

*Lawton & Lawton*, for defendant.

Sharpe, J.   May 3, 1927, plaintiff while employed by defendant company suffered an accidental injury arising out of and in the course of his employment and was paid compensation for total disability at the rate of $11.34 per week to January 31, 1928.   On May 5, 1928, plaintiff filed a petition for further compensation; a hearing was had and plaintiff was awarded compensation at the rate of $7.50 per week from and after February 26, 1928.   On May 20, 1929, defendant company filed a petition to stop compensation and an award was entered allowing compensation to be stopped as of January 19, 1929.

On January 7, 1933, plaintiff filed a petition for further compensation; and on April 8, 1933, an award was entered allowing plaintiff compensation at the rate of $3.40 per week for partial disability from January 5, 1933.   Compensation was paid under this award until May 15, 1937.   The 500 weeks' period expired on December 31, 1936.

May 17, 1937, plaintiff filed a petition for further compensation and stated, ''Your petitioner further represents that since November 1, 1933, he has been totally disabled in all forms of labor or gainful employment.''   The department of labor and industry found as a fact that plaintiff had been totally disabled in the field of common labor since the 1st day of December, 1933, and awarded compensation from that date at the rate of $11.34 per week for total disa-

bility to the expiration of 500 weeks from the date of the injury, but allowing defendant company credit for all payments of compensation made under the award of April 8, 1933, from and after December 1, 1933.

Defendant company appeals and contends that plaintiff, having accepted payments under the award of April 8, 1933, to the expiration of the 500 weeks' period, is not entitled to an additional award covering the same period.

The sections of the statute providing compensation for partial and total incapacity for work read as follows:

"While the incapacity for work resulting from the injury is partial, the employer shall pay * * * to the injured employee a weekly compensation * * * and in no case shall the period covered by such compensation be greater than 500 weeks from the date of the injury." 2 Comp. Laws 1929, § 8426 (Stat. Ann. § 17.160).

Section 8425, 2 Comp. Laws 1929 (Stat. Ann. § 17.159), provides:

"While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation * * * and in no case shall the period covered by such compensation be greater than 500 weeks from the date of the injury, nor shall the total amount of all compensation exceed $9,000."

In discussing this problem we have in mind that the compensable period begins to run from the date of the injury (*Grodzicki* v. *Revere Copper & Brass, Inc.*, 268 Mich. 143) and "in no case shall the period covered by such compensation be greater than 500

weeks from the date of injury." 2 Comp. Laws 1929, § 8425 (Stat. Ann. § 17.159). In the case at bar plaintiff has been paid compensation for the full period during which he was entitled to receive it. The 500 weeks' period ended December 31, 1936.

The award of the deputy commissioner made on April 8, 1933, found as a fact that plaintiff was and had been partially disabled from January 5, 1933. In *Guss* v. *Ford Motor Co.*, 275 Mich. 30, 34, we said: "The award by the deputy fixes the rights of parties unless, upon review, the department reaches a different conclusion." At any time subsequent to the above award, plaintiff had the right to petition for further compensation and the same could have been granted upon a proper showing that his condition had changed to such an extent as to entitle him to such additional compensation. The defendant also had the right during this same period to show that plaintiff's disability had ceased; and that he was not entitled to compensation, but in the case at bar neither party took any action to terminate the existing award.

In *Richards* v. *Rogers Boiler & Burner Co.* (on rehearing), 252 Mich. 52, we said:

"An award of compensation by the department of labor and industry determines liability of an employer and the extent of relief afforded an employee and is, in effect, an adjudication."

Nor may such an award be modified except by request of an authorized party. *Elson* v. *Wisconsin Public Service Corp.*, 268 Mich. 180.

In *Gallup* v. *Western Board & Paper Co.*, 252 Mich. 68, 71, we said:

"Plaintiff is not entitled to two awards by the commission for the same compensation."

Plaintiff contends that 2 Comp. Laws 1929, § 8453 (Stat. Ann. § 17.188), permits a review of weekly payments and cites the following cases to sustain his point: *Norbut* v. *I. Stephenson Co.*, 217 Mich. 345; *Catina* v. *Hudson Motor Car Co.*, 272 Mich. 377; *Dyer* v. *McQuistion*, 273 Mich. 327. We have examined the above cases, but none of these cases sustain the proposition that the department may make an award after plaintiff has received compensation for the 500 weeks' period.

The award of April 8, 1933, was an adjudication of the rights of the parties as of that date. The defendant complied with this award by making the required payments and plaintiff complied with the award by accepting the payments. There was no review of that award at any time during the 500-weeks' period. The power to review payments ceased when plaintiff has received the maximum number of weekly payments mentioned in the statute whether it be for partial disability (2 Comp. Laws 1929, § 8426, Stat. Ann. § 17.160) or total disability (2 Comp. Laws 1929, § 8425, Stat. Ann. § 17.159).

The award of the department of labor and industry is vacated. Defendant may recover costs.

WIEST, C. J., and BUTZEL, BUSHNELL, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.