WILLARD *v.* GLOBE HOUSEWRECKING CO.

1. WORKMEN'S COMPENSATION—APPROVED AGREEMENT—LUMP SUM SETTLEMENT.
    An approved agreement relative to a lump sum settlement has the same legal effect as an award by the department of labor and industry.

2. SAME—JURISDICTION OF DEPARTMENT—EXPIRATION OF 500 WEEKS.
    The power of the department of labor and industry to review payments ceases when an employee has recovered the maximum number of weekly payments mentioned in the statute, whether it be for partial or total disability and whether paid weekly or in a lump sum, and fails to file petition for further compensation before expiration of 500 weeks from date of accident (2 Comp. Laws 1929, §§ 8425, 8426).

3. SAME—CORRECTION OF FINDINGS—UNDISPUTED DATES.

    Mistaken recital of department of labor and industry that plain-
       tiff had filed his petition for further compensation shortly
       prior to expiration of 500 weeks from date of accident is
       ordered corrected upon remand where there is no dispute as
       to dates and order is otherwise affirmed.

Appeal from Department of Labor and Industry. Submitted April 16, 1940. (Docket No. 37, Calendar No. 40,864.)  Decided June 3, 1940.

Sullivan Willard presented his claim for compensation against Globe Housewrecking Company, employer, and State Accident Fund, insurer. On petition for further compensation. Plaintiff reviews award to defendants by appeal in the nature of certiorari. Affirmed.

*Carl R. Hospers* (*Richard C. Fruit,* of counsel), for plaintiff.

*Harry F. Briggs* (*Roy Andrus,* of counsel), for defendants.

McALLISTER, J.  Plaintiff, employed by defendant as a laborer in wrecking work, fell from a four-story building on February 28, 1929, and sustained serious injuries, for which he was paid $18 per week compensation for total disability by agreement approved by the department of labor and industry on March 30, 1929.  On March 8, 1930, plaintiff entered into an agreement for payment of partial disability compensation at the rate of $3.34 per week for 448 weeks. Three days later he petitioned for a lump sum settlement which the department of labor and industry approved, and plaintiff accepted a lump sum of $1,500 in lieu of the weekly payments.  On October 31, 1938,

plaintiff filed a claim for compensation for total disability for the period subsequent to the approval of the agreement for the lump sum payment. The department found that plaintiff was totally disabled at the time of the hearing, but that there had been no change in his physical condition, because he had been totally disabled at the time the award was made on the lump sum agreement.

The above finding is contrary to the award approving the agreement which was based upon partial disability. But the contention of counsel for plaintiff that the department is bound by the approved agreement—which has the same legal effect as an award—and that the subsequent finding of total disability, in itself, shows a change of condition, cannot be determined in this case; nor can the question of whether the agreement was predicated upon the possibility of rehabilitation be passed upon. The plaintiff did not file his petition for further payments until after the expiration of 500 weeks from the date of the accident.* Under the authority of *Kiviniemi* v. *Quincy Mining Co.*, 286 Mich. 680, the power to review payments ceases when plaintiff has recovered the maximum number of weekly payments mentioned in the statute, whether it be for partial or total disability. While plaintiff did not receive the payments weekly, he received a lump sum for weekly payments covering the maximum period mentioned in the statute, and did not file his petition until after the expiration of the actual period of 500 weeks from the date of the accident. The department recited in its findings that plaintiff had filed his petition shortly prior to the expiration of the period of 500 weeks from the date of the accident. But there is no dispute as to the dates and such finding is obviously a mistake.

---

* See 2 Comp. Laws 1929, §§ 8425, 8426 (Stat. Ann. §§ 17.159, 17.160).—REPORTER.

Plaintiff's petition was not filed within the provided time.

The order is remanded for correction of the above-mentioned date in the finding of the department, and, in all other matters, affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.