ELLIS *v.* CITY OF DETROIT.

WORKMEN'S COMPENSATION—PARTIAL DISABILITY—MAXIMUM PAY-
MENTS—FURTHER COMPENSATION.

> Award on petition for further compensation, filed after· expi-
> ration of 500 weeks from date of accident, is affirmed and
> credit allowed for amount received on previous award for
> partial disability where,· although payment for 500th and
> final week was tendered in customary manner, plaintiff re-
> fused it and there is evidence sustaining finding of department
> that there had been a change for the worse in plaintiff's physi-
> cal condition rendering him totally disabled from a date
> subsequent to last previous award (2 Comp. Laws 1929,
> §§ 8425, 8426).

CHANDLER, C. J., and BOYLES and BUTZEL, JJ., dissenting.

Appeal from Department of Labor and Industry.
Submitted April 10, 1942. (Docket No. 94, Calendar
No. 41,890.) Decided July 1, 1942.

Frank Ellis presented his claim against city of
Detroit, Department of Street·Railways, for com-
pensation for injuries sustained while in defend-
ant's employ. On petition for further compensa-
tion. Award to plaintiff. Defendant appeals. Af-
firmed.

*Birnkrant, Birnkrant & Birnkrant (Herman J.
Bloom,* of counsel), for plaintiff.

*Harry F. Pisula,* for defendant.

CHANDLER, C. J. (*dissenting*). Plaintiff sus-
tained an accidental injury while in defendant's
employ on April 11, 1931, and was paid compensa-
tion at the maximum rate until May 2, 1932. There-
after, various petitions for further compensation

were filed, the details of which are unimportant in this controversy.

On October 9, 1933, he received an award of $9 per week for partial disability, payment of said sum to commence as of July 7, 1933, and to continue until the further order of the department. He was paid the said sum weekly in accordance with the award until he had actually received compensation for a total of 499 weeks. The final payment for the 500th week was never received by him, although it is clear from the record that this payment was tendered by defendant and refused by plaintiff, the tender being made in the same manner that all prior payments had been tendered and received by plaintiff.

On December 16, 1940, he filed a petition entitled "petition for further compensation and reinstatement of original award and review of payments." After hearing, the department entered an award granting compensation at the rate of $18 per week from October 25, 1934 to November 8, 1940, defendant being given credit for the amount already paid during this period under the previous award of $9 per week. From the award so entered, defendant takes this appeal in the nature of certiorari.

Appellant claims that the department was in error in granting the increased amount because plaintiff showed no change in physical condition subsequent to the last adjudication. We find, however, that it is unnecessary to pass upon this question.

The 500-week period expired on November 8, 1940. See 2 Comp. Laws 1929, §§ 8425, 8426 (Stat. Ann. §§ 17.159, 17.160); *Kiviniemi* v. *Quincy Mining Co.*, 286 Mich. 680. Appellant claims that the award was in error because the petition was not filed within the 500-week period, citing the *Kivi-*

*niemi Case* and *Willard* v. *Globe Housewrecking Co.,* 294 Mich. 42. Appellee, on the other hand, contends that these cases are not applicable inasmuch as the injured employee therein had been paid for the full 500 weeks prior to the filing of the petition.

This argument, obviously, is based on the fact that plaintiff did not actually receive payment for the 500th and last week of the compensable period.

In the *Kiviniemi* and *Willard Cases, supra,* we held that the power to review payments terminates when the injured employee has received the maximum number of weekly payments either for partial or total disability, and we are of the opinion that plaintiff's claim is barred by this rule.

The record indicates and both parties concede that the last payment was tendered on or about November 11, 1940, but refused by plaintiff when he was informed that it was the final payment. The tender was renewed by defendant at the time of the hearing. Plaintiff made no objection to the mode of tender, the same being in accordance with the practice that had been followed in making payments to him throughout the compensable period. Although the final payment was not received by him, we are of the opinion that under the facts before us defendant's tender determined the rights of the parties in this proceeding. Payments were being made under and in accordance with a prior award. Defendant complied with the provisions of the award in making the tender and was not in a position to force plaintiff to accept the payment if he chose not to do so. After defendant had done everything possible to comply with the provisions of the previous award for the maximum period prescribed by the statute, plaintiff, after the expiration of such period, should not have the right to

reopen the matter and claim additional compensation on the theory that the defendant has failed to comply.

The award should be vacated, with costs to appellant.

BUTZEL, J., concurred with CHANDLER, C. J.

BOYLES, J. *(dissenting).* I concur in the result reached by Mr. Chief Justice CHANDLER. The customary practice adopted by these parties for 499 weeks was for the employer to present to the employee a receipt to be signed for the next payment, for the employee to sign and return the receipt whereupon the employer would deliver a check to the employee for payment. This method was acquiesced in by the employee for 499 weeks and he then refused to sign the receipt for the 500th week. The employee has not accepted the check in payment. While this does not constitute a legal tender of the payment, the employer tenders the money in court according to its brief filed herein. Under these circumstances, our decisions that the power to review payments terminates when the employee has received the maximum number of payments should apply to this case. On this ground, I concur in the result reached by the Chief Justice.

SHARPE, J. I am not in accord with the opinion of Chief Justice CHANDLER. The established facts are that the accidental injury occurred on April 11, 1931; that the 500-weeks' period expired November 8, 1940; and that the petition for further compensation was filed on December 16, 1940. It is also established that plaintiff did not receive or accept the 500th-week payment.

Defendant relies upon *Kiviniemi* v. *Quincy Min-*

*ing Co.*, 286 Mich. 680, and *Willard* v. *Globe House-wrecking Co.*, 294 Mich. 42, as authority for the rule that the department of labor and industry have no jurisdiction to entertain a petition for compensation after the 500-weeks' period has expired. In those cases it was held that the power to review payments ceases when plaintiff has received the maximum number of weekly payments mentioned in the statute. In the case at bar plaintiff did not receive the maximum number of payments and hence the mentioned cases are not controlling.

In *Jelusich* v. *Wisconsin Land & Lumber Co.*, 267 Mich. 313, we said:

"The statute does not provide any limitation for the making of claims for further compensation under 2 Comp. Laws 1929, § 8453. These may be made whenever there has been a change in the physical condition of the plaintiff. * * * The only restriction upon such claims is that compensation may not be granted for a period greater than 500 weeks after the injury."

See, also, *Murray* v. *Ford Motor Co.*, 296 Mich. 348.

Under the above rule, plaintiff is not barred from seeking further compensation, nor is he barred by his refusal to accept payment for the 500th week for partial disability. Chief Justice CHANDLER states: "Although the final payment was not received by him, we are of the opinion that under the facts before us defendant's tender determined the rights of the parties in this proceeding." At most defendant's offer to pay the amount it claimed due was nothing more than a tender, but a tender does not affect the legal rights of the parties. See *Zimmerman* v. *Miller*, 206 Mich. 599. A tender of one payment for partial disability, even though it be for

the 500th payment, cannot determine plaintiff's rights for total disability for any period of time. If plaintiff is entitled to compensation for total disability, his right may not be cut off by an offer to pay for partial disability.

On October 9, 1933, the department of labor and industry awarded plaintiff compensation for partial disability at the rate of $9 per week. There was no appeal from this award. Such an award was *res judicata* as to all essentials leading up to that award. *Klum* v. *Lutes-Sinclair Co.*, 236 Mich. 100. Upon the petition for further compensation filed December 16, 1940, the department found as a fact that plaintiff has been totally disabled since October 25, 1934, and awarded plaintiff compensation for total disability since that date less the amounts paid for partial disability.

In *Gulec* v. *Chrysler Corp.* (on rehearing), 292 Mich. 711, we held that it was within the power of the department to fix the period of plaintiff's total disability so long as the beginning of that period was subsequent to its former adjudication.

The only remaining question may be stated as follows: Was there any competent evidence introduced to sustain the award?

Plaintiff testified that since October 9, 1933, he has not earned any money from his labor; and he testified as follows:

"*Q.*  *  *  *  Can you do any kind of work?
"*A.* No, sir.
"*Q.* Are you able to do any heavy work?
"*A.* No, sir.
"*Q.* Can you do light work?
"*A.* No, sir, I am not able to do any kind of work.
"*Q.* Are you able to do any work whereby you would be sitting down?

"*A*. Well, maybe I could peel potatoes, like I done sometime home."

Dr. Barone, a witness sworn for plaintiff, testified that he examined plaintiff about the middle of December, 1940; and, that a small left inguinal hernia showed. He also said:

"I examined the abdomen in which there were several scars, and these scars showed a ventral hernia. * * *

"*Q*. Doctor, in your opinion, has the condition of Mr. Frank Ellis become worse since October 9, 1933?

"*A*. It is my belief that at the time of examination that the ventral hernia was larger and therefore worse than it was in 1933. * * *

"*Q*. Now, doctor, in your opinion, can Mr. Ellis, during this period from October 9, 1933, to the present time, do any kind of work? * * *

"*A*. It is my belief that this man could not do any labor and he could not do any work which required standing on his feet but if he could acquire employment sitting down, I believe he could do that."

In my opinion there was competent evidence from which the department of labor and industry could find as a fact that plaintiff's physical condition and earning power had diminished since the award for partial disability. In such cases it is our duty to affirm.

The award is affirmed; plaintiff may recover costs.

STARR and BUSHNELL, JJ., concurred with SHARPE, J.

NORTH, J. I concur in the result reached by Mr. Justice SHARPE.

WIEST, J., took no part in this decision.