BROADNAX v. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—MAXIMUM PERIOD OF POWER TO RE-
VIEW PAYMENTS.
    The power of the department of labor and industry to review
    payments ceased upon plaintiff's receipt of the maximum num-
    ber of payments mentioned in the statute whether for partial
    or total disability (2 Comp. Laws 1929, §§ 8425, 8426).

2. SAME—STATUTES OF LIMITATIONS.
    Statute of limitations referred to in 2 Comp. Laws 1929, § 8431,
    as suspended in favor of employee until employer files report
    of accident involved is the six-months' statute provided in the
    same section and not the six-years' general statute of limita-
    tions (3 Comp. Laws 1929, § 13976).

3. SAME—GENERAL STATUTE OF LIMITATIONS.
    General statute of limitations does not apply to proceeding
    brought under the workmen's compensation act before depart-
    ment of labor and industry since it is not a court and proceed-
    ing before it is not an action (3 Comp. Laws 1929, § 13976).

4. SAME—PARTIAL DISABILITY—INSANITY—RECEIPT OF PAYMENTS
FOR MAXIMUM PERIOD.
    Injured employee who received compensation for 500-week period
    for partial disability was not entitled to further compensation
    on petition filed after expiration of such period, the statute
    of limitations within the workmen's compensation act not be-
    ing tolled by insanity of the injured employee (2 Comp. Laws
    1929, §§ 8426, 8431).

5. SAME—INSANE PERSONS—GUARDIAN.
    In the event an injured employee becomes insane during period
    within which he might apply for compensation, a proceeding
    to recover compensation could be prosecuted by his guardian.

6. LIMITATION OF ACTIONS—WORKMEN'S COMPENSATION—TOLLING
STATUTE—INSANE PERSONS.
    Provision of general statute of limitations that it should be
    tolled in case person entitled to bring cause of action became

insane is limited to causes of action mentioned in chapter of statute containing such general statute and since the workmen's compensation act is not mentioned therein, a proceeding to recover workmen's compensation is not affected by such provision (3 Comp. Laws 1929, § 13978).

Appeal from Department of Labor and Industry. Submitted January 5, 1944. (Docket No. 31, Calendar No. 42,381.) Decided April 3, 1944.

John P. Broadnax presented his petition against Ford Motor Company for compensation for injuries sustained while in its employ. On petition for further compensation. Petition denied. Plaintiff appeals. Affirmed.

*Dann & Atlas,* for plaintiff.

*Doelle, Starkey & Jones,* for defendant.

NORTH, C. J. This is an appeal in the nature of certiorari by an employee from an award by the department of labor and industry denying his petition for further compensation. It is agreed that plaintiff on February 18, 1930, while in defendant's employ suffered a compensable accident. He was paid compensation on an approved agreement dated March 14, 1930. On a petition to stop filed by defendant, an award was made in February, 1931, of compensation at the rate of $1.20 a week for partial disability for the unexpired portion of the 500-week maximum compensation period. On plaintiff's petition the department entered an order for a lump-sum settlement which provided that defendant should "make an advance payment of $150, from the compensation last falling due in the case * * * (and) pay the remainder of the compensation due at the rate of $75 a month until paid in full." Payments in ac-

cordance therewith were made in full. In other words plaintiff was paid compensation for the full period of 500 weeks. Approximately three years after the expiration of the 500-week period, and on May 28, 1942, plaintiff filed a petition for further compensation. At the hearing before a deputy commissioner plaintiff was awarded further compensation; but upon review by the department of labor and industry his petition for further compensation was denied.

Except for a phase of this record which will be hereinafter noted, it is agreed by counsel for each of the parties that the order entered properly disposed of the case, under the authority of *Kiviniemi* v. *Quincy Mining Co.*, 286 Mich. 680, and *Willard* v. *Globe Housewrecking Co.*, 294 Mich. 42, for the reason that, as was held in the *Kiviniemi Case*: "The power to review payments ceased when plaintiff has received the maximum number of weekly payments mentioned in the statute whether it be for partial disability (2 Comp. Laws 1929, § 8426 [Stat. Ann. § 17.160]) or total disability (2 Comp. Laws 1929, § 8425 [Stat. Ann. § 17.159])."

But plaintiff's counsel contend that in the instant case the running of the 500-week period was tolled in consequence of the fact that on November 16, 1938, before the statutory period of 500 weeks had expired, plaintiff was confined in Eloise hospital as an adjudicated insane person and was not discharged until May 22, 1942; and that the petition in the instant case was properly filed promptly after his release. The basis of this contention is that we should carry into the workmen's compensation act the provision of 3 Comp. Laws 1929, § 13978 (Stat. Ann. § 27.607), which reads: "If any person entitled to bring any of the actions mentioned in this chapter shall, at the time when the cause of action accrues,

be within the age of twenty-one years, insane, or imprisoned in the State prison, such person may bring the action within the times in this chapter respectively limited, after the disability shall be removed.'' In support of this contention plaintiff asserts that in effect the pertinent portions of the statute of limitations above cited were carried into the workmen's compensation act by our decisions in *Hajduk* v. *Revere Copper & Brass, Inc.*, 268 Mich. 220, and *Sweet* v. *Eddy Paper Co.*, 303 Mich. 492. But it should be noted that neither of these two cases nor any other authority cited by plaintiff is in point with the facts and circumstances of the instant case, for the reason that in none of them is it disclosed that the petition was filed after the expiration of the 500-week period during all of which the employee had received compensation. And in the *Hajduk Case* we said:

"The statute of limitations referred to in section 8431 of the compensation act means the limitation within the act and not the general statute of limitations. * * * While the general statute of limitations has no application in the instant case because the department of labor and industry is not a court and a proceeding before it is not an action, yet we can conceive of no reason why there should not be a limit of time within which a proceeding for compensation should be commenced. That limit of time must be a reasonable one, which *by analogy* to the statute of limitations will be deemed to be six years.''

It may be observed that if in accord with plaintiff's contention the above-quoted section 13978 were to be read into the workmen's compensation act, the 500-week limitation would not run against a minor dependent, who as such sought compensation, until the minor arrived at 21 years of age. Obviously such

a result would be wholly inconsistent with the provisions of the workmen's compensation act. This act contains its own limitations, and therein its operation is restricted to a maximum of a 500-week period. In *Bankers Trust Co. of Detroit* v. *Tatti,* 258 Mich. 357, we said:

" 'The statute (workmen's compensation act) contains no exception in the case of minors or persons under any physical or mental incapacity, in case of dependents.  *  *  *  The general statute of limitations has no application to compensation proceedings, as such, before the commission.' "

Neither an express nor implied provision can be found in the workmen's compensation act in consequence of which the running of the statutory period of 500 weeks would be tolled by the mental incompetency of an employee. Instead the legislature must have been mindful that if an employee who had suffered a compensable accident became insane during the period within which he might apply for compensation, such a proceeding could be prosecuted by a guardian of the incompetent person.

And it may also be noted that the scope of the statutory provision quoted (3 Comp. Laws 1929, § 13978), and upon which appellant relies, is limited by its own terms. It provides: "If any person entitled to bring any of the actions *mentioned in this chapter* shall, at the time when the cause of action accrues, be within the age of twenty-one years, insane, or imprisoned," et cetera, the running of the statute of limitations shall be tolled *as to such action.* But the Michigan workmen's compensation act is not included in or "mentioned in this chapter." Instead proceedings under the workmen's compensation act are under statutory provisions entirely separate and apart from the chapter in which

the above-quoted statutory provision appears. It follows that plaintiff's contention in this particular cannot be sustained.

The department correctly held that, notwithstanding plaintiff's commitment as an insane person, under the circumstances of this case his petition for compensation must be dismissed because it was filed subsequent to the 500-week period during which he had been paid compensation. The award of the department of labor and industry denying plaintiff further compensation is affirmed. Costs to appellee.

STARR, WIEST, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.