## CLEMENTS v. CHRYSLER CORPORATION.

1. WORKMEN'S ·COMPENSATION—REVIEW OF PAYMENTS—MAXIMUM PAYMENTS.

The power to review payments under the workmen's compensation act ceases when the plaintiff has received the maximum number of weekly payments mentioned in the statute, whether it be for partial or total disability (2 Comp. Laws 1929, § 8426, as amended by Act No. 245, Pub. Acts 1943).

2. SAME—PARTIAL DISABILITY—MAXIMUM PERIOD COVERED BY PAYMENTS.

The period for which compensation may be paid for partial disability under section of workmen's compensation act pertaining thereto is limited to 500 weeks from date of the injury (2 Comp. Laws 1929, § 8426, as amended by Act No. 245, Pub. Acts 1943).

3. SAME—SPECIFIC LOSSES—MAXIMUM PERIOD COVERED BY PAYMENTS.

The limitation on payment of workmen's compensation of 500 weeks from date of injury applies to awards for specific losses as the act speaks in terms of a conclusively presumed period of disability, not in terms of specific indemnity (2 Comp. Laws 1929, § 8426, as amended by Act No. 245, Pub. Acts 1943).

4. SAME—DISABILITY DEVELOPING INTO SPECIFIC LOSS.

While the workmen's compensation act does not provide for specific indemnity for the loss of a member in addition to otherwise-caused disability, when an existing disability is, or becomes, defined by, and limited to, the loss of a member, its thereafter duration and degree, as specified in the pertinent section, are conclusively determined and fixed as total disability or incapacity for work during the specified period, be it in fact shorter or for life (2 Comp. Laws 1929, § 8426, as amended by Act No. 245, Pub. Acts 1943).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am. Jur., Workmen's Compensation, § 523.
[2-6] 58 Am. Jur., Workmen's Compensation, § 318.

5. SAME — PARTIAL DISABILITY — SPECIFIC LOSS — LIMITATION OF PERIOD COVERED BY AWARD.

The 500-week period set forth in section of workmen's compensation act relative to partial disability and loss of specific member limits the period for which compensation may be awarded, not the time within which claims may be filed (2 Comp. Laws 1929, § 8426, as amended by Act No. 245, Pub. Acts 1943).

6. SAME— DISABILITY—SUBSEQUENT LOSS OF LEG—AMOUNT OF AWARD.

Where injury occurred January 3, 1936, compensation was awarded intermittently for 164 weeks and the injury finally necessitated amputation of leg March 19, 1945, award of compensation for period from March 19, 1945, until August 3, 1945, the end of 500 weeks from date of injury, was proper (2 Comp. Laws 1929, § 8426, as amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted April 7, 1948. (Docket No. 28, Calendar No. 43,580.) Decided June 14, 1948.

Wilfred A. Clements presented his claim for compensation for specific loss against Chrysler Corporation. Award to plaintiff. Plaintiff appeals. Affirmed.

*James A. Markle,* for plaintiff.

*Lacey, Scroggie, Lacey & Buchanan,* for defendant.

SHARPE, J. Plaintiff appeals from an award of the department of labor and industry claiming that the award is insufficient.

On January 3, 1936, plaintiff, while in the employ of defendant company, sustained an injury to his right leg. Following the accident, he was paid compensation for total disability under section 9 of part 2 of the compensation act at the rate of $18 per week for intermittent periods totaling 164 weeks throughout and until expiration of 500 weeks from the date of

the injury. On March 19, 1945, the injured leg was amputated at the mid-line of the femur. It is admitted that plaintiff has lost his leg as a result of the accidental injury sustained on January 3, 1936; and that August 3, 1945, is the date of the expiration of the 500-week period. The department of labor and industry awarded plaintiff compensation of $21 a week from March 19, 1945, to August 3, 1945, the end of the 500-week period.

Plaintiff appeals and urges that the statute does not set a 500-week limitation for statutory schedule awards; that a claim coming under the statutory schedule for the specific loss of a member is a separate and distinct claim, different in kind from claims for loss of wages resulting from total or partial disability; and that the 500-week limitation contained in section 10 of part 2 of the compensation act relates only to "incapacity to work" which is "partial."

The determination of the controversy here presented rests primarily on the construction of part 2, § 10, of the workmen's compensation act (2 Comp. Laws 1929, § 8426), as amended by Act No. 245, Pub Acts 1943 (Comp. Laws Supp. 1945, § 8426, Stat. Ann. 1947 Cum. Supp. § 17.160). This section reads as follows:

"While the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee a weekly compensation equal to 66⅔ per centum of the difference between his average weekly wages before the injury and the average weekly wages which he is able to earn thereafter, but not more than $21.00 a week; and in no case shall the period covered by such compensation be greater than 500 weeks from the date of the injury. In cases included by the following schedule, the disability in each such case shall be deemed to continue for the

period specified, and the compensation so paid for such injury shall be as specified therein, to-wit: * * *

"For the loss of a leg, 66⅔ per centum of average weekly wages during 200 weeks;

"An amputation between the knee and foot 6 or more inches below the knee shall be considered a foot, above this point a leg; * * *

"The loss of both hands, or both arms, or both feet, or both legs, or both eyes, or of any 2 thereof, shall constitute total and permanent disability, to be compensated according to the provisions of section 9.

"The amounts specified in this clause are all subject to the same limitations as to maximum and minimum as above stated. In case of the loss of 1 member while compensation is being paid for the loss of another member, compensation shall be paid for the loss of the second member for the period herein provided, payments to begin at the conclusion of the payments for the first member."

In interpreting the compensation act we have held that the power to review payments ceases when plaintiff has received the maximum number of weekly payments mentioned in the statute, whether it be for partial disability or total disability. See *Broadnax* v. *Ford Motor Company,* 308 Mich. 305. We have also held that the period for which compensation may be paid for partial disability under the above quoted section 10 is limited to 500 weeks from the date of the injury. See *Kiviniemi* v. *Quincy Mining Co.,* 286 Mich. 680; *Willard* v. *Globe Housewrecking Co.,* 294 Mich. 42.

Plaintiff urges that the latter portion of section 10 relating to specific losses does not contain the limitation with reference to the payment of compensation for the period of 500 weeks from the date of injury as does the part of the act relating to partial or total disability.

We note that after enumerating the schedule of disability, the act provides: "The amounts specified

in this clause are all subject to the same limitations as to maximum and minimum as above stated." In our opinion the word "maximum" refers to the "period covered by such compensation" which shall not be "greater than 500 weeks from the date of the injury." In the case of scheduled loss of the various named members, the act speaks in terms of a conclusively presumed period of disability, not in terms of a specific indemnity.

In *Addison* v. *W. E. Wood Company,* 207 Mich. 319, we said:

"When the schedule provisions of section 10 become applicable, the actual extent and duration of incapacity resulting from the specified injury yield to the indisputable presumption expressly declared in the statute by the legislature which only obtains in case the member is in fact gone, or lost. * * *

"While the statute does not provide specific indemnity for loss of a member in addition to compensation for otherwise caused disability, when an existing disability is, or becomes defined by and limited to the loss of a member, its thereafter duration and degree, as specified in section 10, are conclusively determined and fixed as total disability, or incapacity for work, during a period of 125 weeks, although it may be in fact only 6 weeks or for life."

In *Henderson* v. *Consumers Power Co.,* 301 Mich. 564, 583, in construing that part of the act under consideration in the case at bar, we said:

"It is clear that such provision only limits the 'period covered by such compensation' to 500 weeks from the date of the injury. In other words, under such provision an employee would not be entitled to compensation covering a period beyond 500 weeks from the date of the injury. Compensation could not be awarded *for a period* extending beyond the 500 weeks. The test is whether the period covered by the award is within the 500-week period. Such statute

is not a statute of limitation for the filing of a claim for compensation; it is a limitation upon the period of time covered by an award. *Kiviniemi* v. *Quincy Mining Co.*, 286 Mich. 680; *Willard* v. *Globe Housewrecking Co.*, 294 Mich. 42."

In our opinion part 2, § 10 of the act in question clearly provides that compensation may not be awarded for any period of time beyond 500 weeks from the date of the injury. The award is affirmed, with costs to defendant.

BUSHNELL, C. J., and BOYLES, REID, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.